IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James DeJesus Martinez,<br><br>　　　　Petitioner,<br>　v.<br><br>Warden Joseph, FCI Bennettsville,<br><br>　　　　Respondent. | C/A: 5:23-cv-1806-RMG<br><br>**ORDER AND OPINION** |

　　Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 43) of the Magistrate Judge recommending that the Court dismiss Plaintiff's pro se habeas petition, submitted pursuant to 28 U.S.C. §2241, on the basis of mootness. Petitioner brought this petition alleging that the Bureau of Prisons had failed to award him all of his First Step Act earned time credits. While this matter was pending, Petitioner was released from Bureau of Prisons custody. Consequently, the Magistrate Judge issued the R & R recommending that the action be dismissed as moot because the relief sought—to be released—had been accomplished. (Dkt. No. 43 at 2).

　　Petitioner was advised of his right to file specific written objections to the R & R within 14 days of service of the R & R. He was further advised that a failure to file timely objections would result in limited "clear error" review by the District Court and a waiver of the right to appeal the judgment of the District Court. (*Id*. at 4). Petitioner filed no timely objections to the R & R.

　　This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

After a review of the record and the R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Petitioner's habeas petition (Dkt. No. 43) is moot because he is no longer in the custody of the Bureau of Prisons. The Court adopts the R & R of the Magistrate Judge as the order of the Court and dismisses this petition without prejudice. The other pending motions in this matter, Dkt. Nos. 25 and 37, are also now moot.

**AND IT IS SO ORDERED.**

s/Richard Mark Gergel<br>
United States District Judge

July 3, 2024<br>
Charleston, South Carolina